### BEFORE THE UNITED STATES JUDICIAL PANEL
### ON MULTIDISTRICT LITIGATION

In re: Cymbalta (Duloxetine) Products Liability Litigation               MDL No. 2576

### SUPPLEMENTAL INFORMATION

On August 15, 2014, the Plaintiffs ("Movants") filed a Motion Pursuant to 28 U.S.C. § 1407 to Transfer Related Actions for Coordinated Pretrial Proceedings in the Central District of California ("Motion to Transfer) (Dkt. 1).  The Motion to Transfer proposed centralizing all Cymbalta withdrawal personal injury claims in the Central District of California and further suggested that either the Honorable Stephen V. Wilson[1] or Honorable George H. King would be suitable candidates for presiding over the Multidistrict Litigation (MDL).  Several intervening events necessitate this supplement to Movants' original filing.

First, on October 1 and 3, 2014, six personal injury actions[2] pending before Judge King in the Central District of California were transferred to the Judge Wilson, making Judge Wilson the only judge within the Central District of California with pending Cymbalta withdrawal personal injury claims.  Second, on November 4, 2014, Judge Wilson held a status conference for all of the Cymbalta actions currently pending before him.  During the conference, Judge Wilson advised the parties for the first time that he does not wish to be appointed to preside over the MDL.  After the conference, Judge Wilson issued the following Minute Order:

> Conference held.  The Court is advised that plaintiffs' counsel filed a request to establish a Multi-District Litigation (MDL) matter.
>
> The plaintiffs' attorney is ORDERED to advise the MDL Board that this Court has no particular expertise or special knowledge regarding Cymbalta. Plaintiffs'

---

[1] Undersigned Counsel sent a letter to Judge Wilson dated August 21, 2014 notifying him about the Motion to Transfer and provided a copy of the petition.  A copy of that letter is attached as Exhibit 1.

[2] *Hexum et al v. Eli Lilly and Co.*, 2:13-cv-02701-SVW-MAN (C.D. Cal.); *Herrera et al v. Eli Lilly and Co.*, 2:13-cv-02702-SVW-MAN (C. D. Cal.); *Barrett et al v. Eli Lilly and Co.*, 5:14-cv—1675-SVW-MAN (C.D. Cal.); *Caporale et al v. Eli Lilly and Co.*, 5:14-cv-01662-SVW-MAN (C.D. Cal.); *Hollowell et al v. Eli Lilly and Co.*, 5:14-cv-1663-SVW-MAN (C.D. Cal.); *O'Shea et al v. Eli Lilly and Co.*, 8:14-cv-1274 (C.D. Cal.).

attorney shall also advise the MDL Board that this Court does not request assignment of the MDL.

Minute Order re. Status Conference, November 4, 2014, Case Nos. CV 2013-02701-SVW-MAN, CV 2013-02702-SVW-MAN, EDCV 2014-1662-SVW-MAN, EDCV 2014-01663-SVW-MAN, EDCV 2014-01675-SVW-MAN, and SACV 2014-01274-SVW-MAN (C.D. Cal.), attached as Exhibit 2. In accordance with Judge Wilson's Order, undersigned Counsel is advising this Panel that Judge Wilson (1) does not believe he has any particular expertise or special knowledge regarding Cymbalta, and (2) does not request assignment of the MDL.

Notwithstanding Judge Wilson's directive, Movants seek to clarify that the request to centralize this litigation in the Central District of California remains unchanged. The Central District of California is the most logical forum to undertake an MDL proceeding as it not only has the most pending actions (seven),[3] but it has the infrastructure and resources to effectively oversee an MDL of this type—a fact demonstrated by the Central District of California's deft management of very similar Paxil withdrawal MDL involving over 3,000 claims. *See In re Paxil Prods. Liab. Litig.*, Case No.: 03-ML-1574 (C.D. Cal.) (J. Pfaelzer). There are many other accomplished and experienced jurists in the Central District of California who would be more than able and well positioned to preside over a pharmaceutical products MDL such as this one.

Of course, given Judge King's transfer of the Cymbalta injury cases and Judge Wilson's recent directive to counsel, Movants are compelled to propose several alternative jurisdictions as potential fora for a Cymbalta MDL:

(1) The Western District of Wisconsin, where the *Streeter*[4] action is pending.

    a. The Western District of Wisconsin is located in Madison, Wisconsin, which is a

---

[3] On November 3, 2013, *Patterson et al v. Eli Lilly and Company*, 2:14-cv-08527-SVW-MAN (C.D. Cal.) was filed in the Central District. *Patterson* has not yet been noticed as a tag-along action. On November 7, 2014, the *Patterson* action was transferred to Judge Wilson.
[4] *Streeter v. Eli Lilly and Co.*, 3:14-cv-00555-slc (W.D. Wis.).

major metropolitan center.  Madison is served by a regional airport with many direct

flights to most major metropolitan centers in the United States, including

Washington, D.C.—the location of Lilly's national counsel.

b. The Western District of Wisconsin is geographically closer to the East Coast, which

Lilly claimed was an important consideration is determining an appropriate transferee

court.  Indeed, Wisconsin is very close to Lilly's headquarters in Indianapolis,

Indiana, which would also facilitate discovery efforts.

c. There are presently no MDL proceedings within the Western District of Wisconsin.

And, although the Western District of Wisconsin is comparatively smaller than other

districts, the median time from filing to disposition for all civil cases was only 6.3

months—well below the national average of 8.5 months.[5]  The Western District of

Wisconsin packs a trio of excellent jurists who are all very capable of overseeing this

MDL.  And, as this Panel has explained in a PowerPoint presentation "The Workings

of the U.S. Judicial Panel on Multidistrict Litigation and the Selection of the

Transferee Court" at pg. 26,  *available at* http://www.jpml.uscourts.gov/sites/jpml/

files/Tulane%20Law%20Symposium%20Presentation.pdf, putting an MDL

proceeding in the Western District of Wisconsin would create "a deeper bench of

districts with MDL experience."

(2) The Southern District of California, where the *Wheeler*[6] action is pending.

a. The Southern District of California is located in San Diego, California, which is a

major metropolitan center.  San Diego is served by an international airport with direct

---

[5] *See Administrative Office of the United States Courts, 2013 Annual Report of the Director:*
*Judicial Business of the United States Courts,*  Statistical Tables C-5 (2014), *available at*
http://www.uscourts.gov/Statistics/JudicialBusiness/2013/statistical-tables-us-district-courts-civil.aspx.
[6] *Wheeler et al v. Eli Lilly and Co.*, 3:14-cv-01882-AJB-BLM (S.D. Cal.).

flights to all major metropolitan centers in the United States, including the two
airports that serve Washington, D.C.—the location of Lilly's national counsel.

   b.  The Southern District of California has a long history of effectively managing MDL
       proceedings, including familiarity with pharmaceutical and medical device MDLs.
       There are eighteen District Judges in the Southern District of California, with a
       median time from filing to disposition for civil cases of only 6.9 months.[7]  The
       district is knowledgeable and familiar with MDL proceedings, and has the resources
       to effectively manage this litigation.

(3) The District of Oregon, where the *Loux*[8] action is pending.

   a.  The *Loux* action is pending before the District of Oregon in Portland, Oregon.
       Portland is a major metropolitan center which is served by an international airport
       with many direct flights to most major metropolitan centers in the United States,
       including Washington, D.C.—the location of Lilly's national counsel.

   b.  There are presently no MDL proceedings within the District of Oregon and there are
       nine district judges who could potentially oversee an MDL.

In short, Movants continue to seek the Central District of California as the appropriate
forum for a Cymbalta withdrawal consolidation.  But in the alternative, Movants respectfully
propose that the Western District of Wisconsin, the Southern District of California, and the
District of Oregon are all appropriate and suitable venues for the litigation.

DATED:  November 7, 2014                      Respectfully submitted,
            Los Angeles, California           **BAUM, HEDLUND, ARISTEI &**
                                              **GOLDMAN, P.C.**

                                               /s/ R. Brent Wisner
                                              Michael L. Baum, Esq.

---

[7] *Supra* Note. 4, at 3.
[8] *Loux et al v. Eli Lilly and Co.*, 3:14-cv-01287-HZ (D. Or.).

4

CA Bar No. 119511
mbaum@baumhedlundlaw.com
R. Brent Wisner, Esq.
CA Bar No. 276023
rbwisner@baumhedlundlaw.com
12100 Wilshire Blvd., Suite 950
Los Angeles, CA 90025
Tel:  (310) 207-3233
Fax:  (310) 820-7444

Harris L. Pogust
T. Matthew Leckman
POGUST BRASLOW &
MILLROOD, LLC
Eight Tower Bridge, Suite 1520
161 Washington Street
Conshohocken, PA  19428
hpogust@pbmattorneys.com
mleckman@pbmattorneys.com

*Attorney for Plaintiffs,*
Thomas Seagroves and Ute Seagroves
Erin Hexum and Nick Hexum
Claudia Herrera and Peter Lowry
Jesse McDowell
Veronica Lister
Peggy Barrett and Roger Barrett
Deborah Caporale and George Caporale
Anita Hollowell and Edward Hollowell
Kerry O'Shea and Sharlene O'Shea
Deanna Cheshier
Carl Woodruff and Penny Woodruff
Elisa Wheeler and James Wheeler
Kelly Cheney
Heather Laica-Bhoge and Alberto Bhoge
Douglas Gollin and Lynn Gollin
Sandra Couch
Johnson Fairbanks
Karen Boling and Joseph Boling
Eric McCabe
Shelly Harris
Elizabeth Whitworth
Mark Williams
Gregory Mayes
Donna Loux
Melissa Rossero

Karen Wagner
Adam Streeter